IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARLENE J., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2012-C-BN |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Darlene J. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be reversed.

**Background**

Plaintiff alleges that she is disabled due to a variety of ailments including high blood pressure, a blood clot in her left lung, asthma, swelling in her feet and legs, and vision problems. After her applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on January 27, 2016. *See* Dkt. No. 13 (Administrative Record ["Tr."] at 34-71 (Hearing Transcript)). At the time of the hearing, Plaintiff was 52 years old. She is a high school graduate and has past work experience as a sales

clerk and cashier/checker. Plaintiff has not engaged in substantial gainful activity since September 1, 2013.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See id.* at 17-26 (ALJ's Decision). Although the medical evidence established that Plaintiff suffered from osteoarthritis of the knees with left meniscal tear, exotropia with amblyopia, advanced cataract in the right eye with a history of retinal detachment status post repair, hypertension, asthma, and obesity, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of medium work but could not return to her past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a cafeteria attendant, silver wrapper, or photocopy machine operator – jobs that exist in significant numbers in the national economy. Given her age, education, and exertional capacity for medium work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff argues that the assessment of her residual functional capacity ("RFC") finding is not supported by substantial evidence and results from reversible legal error. More specifically, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because it is not supported by a medical opinion, .

2

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

5

that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff's sole ground – that the ALJ's residual functional capacity ("RFC") is not supported by a medical opinion and is therefore not supported by substantial evidence – compels remand.[1]

The RFC is the most an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545. The responsibility of determining the plaintiff's RFC belongs to the ALJ. *See Ripley*, 67 F.3d at 557. In making this determination, the ALJ must consider all of the evidence in the record and determine the plaintiff's abilities despite his or her physical and mental limitations. *See Martinez,* 64 F.3d at 176. The relative weight to be given the evidence is within the ALJ's discretion. *See Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. See *Morris v. Bowen,* 864 F.2d 333, 336 (5th Cir. 1988) (per curiam). "In a situation such as the present one, where no medical statement has been provided, our inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Ripley*, 67 F.3d at 557.

Plaintiff relies on the United States Court of Appeals for the Fifth Circuit's decision in *Ripley v. Chater,* asserting the ALJ's RFC determination is not supported

---

[1] By recommending remand of this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.

by substantial evidence. 67 F.3d at 552. In *Ripley,* the ALJ found that the claimant could perform sedentary work even though there was no medical evidence to support that conclusion. *See* 67 F.3d at 557. In finding for the claimant, the Fifth Circuit noted that the record did not clearly establish the effect the claimant's condition had on his ability to work and remanded the case with instructions for the ALJ to obtain a report from a treating physician regarding the effects of the claimant's back condition on his ability to work. *See id.* at 557-58. The Fifth Circuit rejected the Commissioner's argument that the medical reports that discussed the extent of the claimant's injuries substantially supported the ALJ's conclusion because the Court was unable to determine the effects of the claimant's condition, "no matter how small," on his ability to work, absent a report from a qualified medical expert. *See Lagrone v. Colvin*, No. 4:12-cv-792-Y, 2013 WL 6157164, at *9 (N.D. Tex. Nov. 22, 2013) (quoting *Ripley*, at 558 n.27).

In this case, several state agency medical consultants ("SAMCs") evaluated Plaintiff. *See* Tr. at 74-79, 80-85, 88-96, 97-105. At the initial level, John Durfor, M.D., opined that Plaintiff had no severe impairments. *See* Tr. at 78. At the reconsideration level, Laurence Ligon, M.D., opined that Plaintiff's vision impairment was severe. *See id.* at 93. Neither doctor gave an opinion about exertional or postural limitations. *See id.* at 80-85, 88-96.

The ALJ determined that Plaintiff's severe impairments included osteoarthritis of the knees, asthma, and obesity. *See id.* at 19. The ALJ then determined that

7

Plaintiff has the RFC to lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; stand and/or walk for six hours and sit for six hours in an eight-hour workday with normal breaks; frequently climb ramps and stairs but never climb ladders; and frequently stoop, kneel, crouch, and crawl. The ALJ further found that Plaintiff would need to avoid more than occasional exposure to pulmonary irritants such as dusts, fumes, odors, gases, and poor ventilation and to avoid exposure to hazards such as unprotected heights and unguarded moving machinery. And the ALJ found that Plaintiff would be restricted from performing work that requires excellent binocular vision. *See id.* at 20.

"[A]lthough there is no statutorily or judicially imposed obligation for the ALJ to list explicitly all the evidence he takes into account in making his findings, [20 C.F.R.] § 404.1527(f)(2) does require that the ALJ articulate the weight given to [the opinions of SAMCs]." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). Findings of fact made by SAMCs regarding the nature and severity of an individual's impairments are treated as expert opinion evidence (from non-examining sources) at both the administrative hearing and Appeals Council levels of administrative review. *See* 20 C.F.R. § 416.927(e). Thus, an ALJ's reliance on SAMCs' findings would meet the requirements under *Ripley*. *See Young v. Berryhill*, No. 3:15-CV-3742-M (BH), 2017 WL 946323, at *12 (N.D. Tex. Feb. 13, 2017) ("Because the ALJ relied on the medical opinions of [the SAMC] to determine Plaintiff's limitations, he did not independently decide the effects of Plaintiff's impairments.").

8

In making the RFC determination, the ALJ gave the SAMCs' opinions little weight. *See* Tr. at 24. The ALJ also noted that the opinion evidence was not controverted by a treating or examining provider. And the ALJ stated that the RFC was supported by the objective clinical findings, treatment history, and, to an extent, Plaintiff's reported daily activities.

Although the record includes evidence establishing that Plaintiff has osteoarthritis of the knees, asthma, and obesity, it does not clearly establish the effect of those conditions on Plaintiff's ability to work. The Commissioner argues that the medical evidence substantially supports the ALJ's conclusion. In making this argument, the Commissioner points to reports discussing the extent of Plaintiff's impairments. Without reports from qualified medical experts, however, the Court cannot agree that the evidence substantially supports the conclusion that Plaintiff was not disabled because it is unable to determine the effects of Plaintiff's conditions on her ability to perform medium work. *See Ripley*, 67 F.3d at 557-58. Furthermore, "[w]hile the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley*.... Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments." *Thornhill v. Colvin*, 3:14-cv-335-BN, 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) (citing *Ripley*, 67 F.3d at 557-58; *Williams v. Astrue*, 355 Fed.Appx. 828, 831-32 (5th Cir.

9

2009)); *see also Williams*, 355 F. App'x at 832 n.6 ("In *Ripley,* we held that an ALJ may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions.").

Similarly, as Plaintiff points out, there is no medical opinion addressing the effects of Plaintiff's osteoarthritis of the knees, asthma, and obesity on her ability to work, even though the ALJ found that Plaintiff's osteoarthritis of the knees, asthma, and obesity were severe impairments. *See Johns v. Colvin*, No. 3:13-cv-4420-N-BH, 2015 WL 1428353, at *18-*20 (N.D. Tex. Mar. 30, 2015) (finding a *Ripley* error where there were no medical opinions regarding the effects on the claimant's impairments).

Accordingly, the undersigned concludes that the final decision of the Commissioner is not supported by substantial evidence because the ALJ made the RFC assessment without a medical opinion addressing the effects of Plaintiff's physical impairments on her ability to work. *See Ripley*, 67 F.3d at 557-58; *Thornhill*, 2015 WL 232844, at *10; *Williams*, 355 F. App'x at 832 n.6.

The procedural error alone, however, should not automatically result in reversal of the Commissioner's decision. "Procedural perfection in administrative proceeding is not required," and a court "will not vacate a judgment unless the substantial rights of aparty have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam). When an ALJ commits a *Ripley* error, remand "is appropriate only if [plaintiff]

10

shows that [she] was prejudiced." *Ripley,* 67 F.3d at 557. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Id.* at 558 n.22.

In this case, this prejudice standard is met where the evidence before the ALJ showed that Plaintiff suffered from physical impairments that, at least in some respects, may affect her ability to work. *See Johns*, 2015 WL 1428535, at *20 (finding that the ALJ could have reached a different disability determination had she fully developed the record and obtained an expert medical opinion regarding the effects of the plaintiff's mental condition on his ability to work).

**Recommendation**

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

11

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 31, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE